# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEFFERSON KENNEDY** | **CIVIL ACTION** |
| versus | **NO. 02-2027** |
| **WARDEN JAMES D. MILLER** | **SECTION "C" (2)** |

## ORDER AND REASONS

Before the Court is a Motion for Reconsideration from this Court's denial of a Certificate of Appealability ("COA") filed by Petitioner, Jefferson Kennedy ("Kennedy"). (Rec. Doc. 14). After considering the memoranda, record, and applicable law, for the reasons below, the motion is DENIED.

I.  **Background**

On July 24, 1995, Kennedy pleaded guilty to attempted first-degree murder and was sentenced to fifty years imprisonment in Washington Correctional Institute in Angie, Louisiana. (Rec. Doc. 6). Kennedy filed a motion to reconsider sentence in 1995, which was denied. *Id.* His conviction and sentence became final on August 22, 1995. *Id.* Kennedy filed numerous state court petitions for post-conviction relief, beginning on March 25, 1998, all of which were denied. *Id*; Rec. Doc. 12 at 1.

Kennedy filed a petition for writ of habeas corpus with this Court on July 3, 2002. (Rec. Doc. 1). On January 13, 2003, the petition was denied pursuant to a Magistrate Judge's recommendation. The Magistrate Judge concluded, and this Court agreed, that Kennedy had failed to file his habeas corpus petition timely. The Magistrate Judge correctly noted that the statute of limitations can be tolled in the name of justice for rare and exceptional circumstances.

1

*Id.* (citing *Davis v. Johnson*, 158 F.3d 806, 811(5th Cir. 1998)). The Magistrate Judge concluded, and this Court agreed that there was no reason that would support equitable tolling of the statute of limitations in the petitioner's case. *Id.* Kennedy then filed a Notice of Appeal with the Fifth Circuit Court of Appeals on March 19, 2003. (Rec. Doc. 10). The Fifth Circuit dismissed his appeal on April 10, 2003, because it was not filed within the mandated thirty days after the district court's entry of judgment. (Rec. Doc. 11). Six years later, the petitioner applied for a COA with this Court. This Court denied Kennedy's COA on December 1, 2009, and he filed this Motion for Reconsideration on December 17, 2009.

II. **Standard of Review**

Certificates of Appealability are governed by 28 U.S.C.A. § 2253, which states in part that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court . . . [a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.A. § 2253 (1996). This has been interpreted to mean either a circuit judge or a district judge may issue a COA. *See Valerio v. Crawford*, 306 F.3d 742, 763 (9th Cir. 2002). Additionally, the Supreme Court has also held that a court of appeals should treat a notice of appeal as a motion for COA. *Slack*, 529 U.S. at 483.

When a district court denies a habeas corpus petition on procedural grounds, a COA should issue when the petitioner has shown that reasonable jurists could debate whether the petition states a valid denial of a constitutional right and that reasonable jurists could debate if the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In *Miller-El v. Cockrell*, the Supreme Court held that a "COA determination . . . requires an

overview of the claims in the habeas petition and a general assessment of their merits." 537 U.S. 322, 336 (2003). Although Kennedy raised several new issues in his COA that were not raised in his original habeas corpus petition (*see* Rec. Doc. 12 at 12-13), the Supreme Court's decision in *Miller* dictates that this Court is only permitted to review his habeas corpus petition and determine if reasonable jurists could debate whether the *petition* stated a valid claim that he was denied a constitutional right; it is not permitted to consider issues not raised in the habeas petition. This Court found that no COA should issue because Kennedy had failed to present a substantial showing of the denial of a constitutional right and he had failed to show that reasonable jurists could debate whether he filed his habeas corpus petition in a timely manner; he had also failed to demonstrate "that the issues presented were adequate to deserve encouragement to proceed further." (Rec. Doc. 14-2).

Kennedy also filed a notice of appeal to the Fifth Circuit, which the Fifth Circuit dismissed as untimely. Because both the Fifth Circuit and this Court have denied Kennedy's motion for COA, analysis under the COA standard has been exhausted. Kennedy's motion, therefore, will be analyzed under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.

Motions for reconsideration are not recognized in the Federal Rules of Civil Procedure. Rather, these motions are treated as either a Rule 59(e) Motion to Alter or Amend a Judgment or a Rule 60(b) Motion for Relief from a Judgment. *Rogers v. KBR Technical Services Inc.*, 2008 WL 2337184, at *5 (5th Cir. June 9, 2008). If the motion is served more than ten days after the judgment is rendered, as Kennedy's was, it is to be considered a Rule 60(b) motion. *Id.* Rule 60(b) states that, on motion, a court may relieve a party from a final judgment or order for one of several enumerated reasons. The only reason applicable here is Rule 60(b)(6), which is "any other reason which justifies relief." FED. R. CIV. PRO. 60(b)(6). "Disposition of a Rule 60(b)

3

motion is committed to the sound discretion of the trial court." *Coleman v. Cain*, 2009 WL 3400462, at *3 (E.D.La. Oct. 14, 2009). Further, the need to uphold the finality of judgments warrants that relief under this motion will be granted only if extraordinary circumstances are present. *See Gonzalez v. Grosby*, 545 U.S. 524, 535 (2005).

The Supreme Court in *Gonzalez v. Crosby* held that when a Rule 60(b) motion is brought in a habeas corpus case, it is to be considered a second, or successive, habeas petition when it seeks to advance a substantive claim of error in the petitioner's state court conviction. *Id.* at 538. When a 60(b) motion is considered a successive habeas corpus petition, it is subject to strict guidelines that govern that type of petition. *Id.* Those guidelines include:

> "any claim that has already been adjudicated in a previous petition must be dismissed; . . . any claim that has *not* already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence; . . . [and] before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule of actual-innocence provisions." *Id.* at 529-30 (citing 28 U.S.C. §§2244(b)(1)-(3)).

The circumstances in *Gonzalez* are similar to Kennedy's case in that the petitioner in *Gonzalez* pleaded guilty to armed robbery and filed for post-conviction relief alleging that his guilty plea had been entered unknowingly and involuntarily. *Id.* at 526-27. The district court dismissed the petitioner's habeas petition as time-barred under AEDPA after adopting a Magistrate Judge's recommendation. *Id.* at 527. The Court in that case determined that a Rule 60(b) motion is considered a habeas corpus application when it contains one or more "claims," defined as an "asserted federal basis for relief from a state court's judgment of conviction." *Id.* at 530. The Court decided that because the petitioner in that case challenged only the district court's ruling on the AEDPA statute of limitations, his petition did not contain a valid claim and was therefore considered a Rule 60(b) motion and *not* a successive habeas corpus petition. *Id.* at 535-36.

4

In this case, Kennedy has asserted various substantive claims that could fall under a second, or successive petition. However, because Kennedy's motion appeals only this Court's denial of a COA and not his actual habeas corpus denial, it will be treated as a Rule 60(b) motion.[1] Thus, relief can only be granted if "extraordinary circumstances" are present. *See Gonzalez*, 545 U.S. at 524.

III. **Law and Analysis**

In his Motion for Reconsideration, Kennedy makes the same claims he made in his original habeas corpus petition. Specifically, Kennedy asserts that the trial court erred in accepting his guilty plea because he had not received "real notice" of the nature and elements of the charge against him before entering his guilty plea and therefore his plea was involuntary and unknowing. (Rec. Doc. 6; 14 at 4-5). This Court will analyze Kennedy's Rule 60(b) motion by determining whether extraordinary circumstances exist warranting a grant of reconsideration of it's prior decision.

Kennedy has not given any explanation or reason for the untimeliness of his habeas corpus petition, but only restates his prior factual claims, which have been previously determined to fall below the standard of the denial of a constitutional right under COA analysis. The Supreme Court has held that a petitioner did not meet the extraordinary circumstances requirement of Rule 60(b) when that petitioner had not made a diligent effort to pursue review of a statute of limitations issue that barred his previous appeals. *See Gonzalez*, 545 U.S. at 537. Similarly, in this case, Kennedy has made no effort to explain his decision to file a habeas corpus petition five years after the deadline for filing passed. Likewise, the United States District Court for the Southern District of Mississippi, also in this circuit, has held that when a petitioner only restates

---

[1] This finding does not, however, purport to rule on the merits of any successive habeas corpus petition that Kennedy might decide to bring in the future, it simply states that the Motion for Reconsideration presented here does not qualify as a successive federal habeas corpus petition.

arguments in a previous motion, he has not demonstrated any grounds for relief under Rule 60(b). *Wilson v. United States*, 2010 WL 148319, at *1 (S.D.Miss. Jan. 12, 2010) (reasoning that the petitioner had not produced new evidence or law to support a claim that extraordinary circumstances exist). In this case, petitioner has offered no additional evidence or new applicable law that shows an extraordinary change in circumstances warranting issuance of the COA.

Accordingly,

IT IS ORDERED that Petitioner Kennedy's motion for reconsideration (Rec. Doc. 14) is DENIED.

New Orleans, Louisiana, this 15th day of July, 2010.

　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　　HELEN G. BERRIGAN
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE